UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSHUA RODRIGUEZ and L.R. (child),

                   Plaintiffs,

- against -

ACS; NYPD; LESLIE DUNN, Investigator,
ACS Agency (Harlem); KATHLEEN HOBSON,
Supervisor, ACS Agency (Harlem); SHAKIA
WILKINS-BURRELL, ACS Agency (Harlem);
and DETECTIVE SAVAGE, SVU/NYPD,

                   Defendants.
------------------------------------------------------------X

**MEMORANDUM &ORDER**

23-CV-8313 (RER)(LB)

**RAMÓN E. REYES, JR.**, United States District Judge:

Plaintiff Joshua Rodriguez filed the above-captioned *pro se* civil action on November 8, 2023, ostensibly on behalf of himself and his minor child, L.R. [1] ECF No. 1. His application to proceed *in forma pauperis* ("IFP") is granted. ECF No. 2. For the reasons that follow, Defendants ACS, NYPD, Kathleen Hobson, and Shakia Wilkins-Burrell are dismissed from this action. The claims against Leslie Dunn and Detective Savage may proceed.

## BACKGROUND

The following factual allegations are taken from the Complaint and are assumed to be true for purposes of this Order.

Plaintiff was involved in an ongoing custody dispute with "BM Estephani." ECF No. 1 at 6. On December 31, 2018, Plaintiff brought allegations of neglect against Estephani and filed a case with the Administration for Children's Services ("ACS"). *Id.* The allegations were investigated by Child Protective Services and found to be "unfounded." *Id*. Plaintiff states that he

---

[1] Plaintiff cannot represent his child in this lawsuit unless he is an attorney admitted in this Court. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Accordingly, L.R. is dismissed as a plaintiff without prejudice.

"had to wait for Estephani to make another mistake and eventually it happened on August of 2020." *Id*.

In August of 2020, Plaintiff notified the ACS that his daughter told him that her mother "was looking for you and . . . was riding around with a gun (illegal firearm) in the car." *Id*. at 6. Defendants Shakia Wilkins-Burrell, an ACS worker, and Kathleen Hobson, an ACS Supervisor, told him that the claim wasn't "strong enough" to bring to Court. *Id*. Plaintiff brought these and other allegations to Family Court himself and was granted temporary custody on October 23, 2020. *Id.* In November 2020, Plaintiff filed additional claims with the ACS. *Id.* at 7. Thereafter, Wilkins-Burrell interviewed Plaintiff's daughter in Plaintiff's mother's home. *Id*.  Plaintiff "felt like she interrogated [his daughter] as if she was a Criminal" and "we had got into some words." *Id*. Hobson, an ACS Supervisor, asked Plaintiff to bring his daughter to a supervised visit, which was approved by a referee in Kings County Family Court. *Id.* at 7. At the first visit, on December 3, 2020, after Plaintiff dropped off his daughter at the ACS agency at 55 West 125th Street in Manhattan, "Investigator Leslie Dunn threw a gut punch to my stomach (Assault) and she says I heard about you." *Id.* at 7. Shortly before Plaintiff was scheduled to pick up his daughter, he received a phone call from Hobson stating that they were doing an emergency removal. *Id.* at 7-8. "ACS did an Emergency Removal for no reason claiming Negligence/Child Abuse." *Id.* at 5, 7. Plaintiff called 911 and filed a police report. *Id.* at 8.

On December 4, 2020, Hobson and Dunn were "supposed to conduct a Child-Safety Conference at 10 am but it never happened." *Id.* at 8. "Same day Investigator Leslie Dunn files a Neglect Case on me and left [Plaintiff's daughter] in Foster Care." *Id.* at 8. An Article 10 proceeding was brought in Family Court on December 4, 2020. *Id.* at 5. "ACS brought perjury and false evidence to impair my child from my custody." *Id.* at 4. "Family Court believed ACS with no evidence (Hospital Records/Photos)." *Id.* at 5, 8.

On December 17, 2020, police detectives knocked on Plaintiff's mother's door looking for Plaintiff. *Id.* at 5, 8. Plaintiff sought the advice of his attorney from criminal court and was advised to turn himself in to the Special Victims Unit ("SVU"). *Id.* at 8. On January 5, 2021,[2] "I surrendered to SVU because a warrant was issued due to the allegations." *Id.* at 5. Defendant Detective Savage of the SVU division located at 45 Nevins Street in Brooklyn, "had me detained for 24 hrs." *Id.* at 4, 8.

Defendant Dunn investigated allegations of child abuse and neglect. *Id.* at 8. Plaintiff states that Dunn asked him to "write a letter stating I hit my child." *Id.* On August 12 or 13, 2021, the ACS withdrew the neglect proceeding in Family Court. *Id.* at 5, 8. Plaintiff's criminal proceeding was dismissed on September 10, 2021. *Id.* Plaintiff states: "On Jan. 26, 2023 I filed a Fair Hearing for being on the Statewide Central Registry Listing and ACS settled w/ no evidence." *Id.* at 5, 9. He claims that he has missed three Christmases, birthdays, and Father's Days, along with his daughter's Fifth Grade graduation. *Id.* at 9. A custody trial was scheduled to start on November 27, 2023. *Id.* at 9.

Plaintiff filed this complaint on a form complaint for violations of civil rights pursuant to 42 U.S.C. § 1983 and alleges that the defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 4. He seeks $1,000,000 in damages for "false accusation/emotions" and $500,000 for false arrest/malicious prosecution. *Id.* at 10.

## DISCUSSION

A. **Standard of Review**

To state a claim upon which relief can be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] The Complaint stated that Plaintiff was arrested on January 6, 2021. In a subsequent letter Plaintiff filed with the Court, ECF No. 4, Plaintiff corrected the date to January 5, 2021.

3

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. However, the Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. The court is required to dismiss a complaint filed *in forma pauperis* if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Courts are required to give special consideration to *pro se* litigants, those individuals who represent themselves in court. This means that unrepresented litigants are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must interpret *pro se* complaints to look for the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B. **Constitutional Claims under 42 U.S.C. § 1983**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal

4

statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

Plaintiff brings Section 1983 claims against the ACS and ACS staff Shakia Wilkins-Burrell, Kathleen Hobson, and Leslie Dunn. As an initial matter, it is well settled that "[a]ny suit against a City agency must be brought against the City of New York," not the agency itself. *McDaniels v. Alepandr*, No. 19-cv-2286, 2019 WL 1936723, at *2 (E.D.N.Y. May 1, 2019). This is because, while "the City of New York is amenable to suit, a municipality can be liable under § 1983 only if a plaintiff is able to show that a municipal policy or custom caused the deprivation of his constitutional rights." *Id.*; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Because it is a City agency, "ACS is not a suable entity." *Ragland v. Coulter*, No. 20-cv-2002, 2021 WL 4430271, at *3 (E.D.N.Y. June 25, 2021), *report and recommendation adopted*, No. 20-cv-2002, 2021 WL 4406014 (E.D.N.Y. Sept. 27, 2021); *see also Graham v. City of New York*, 869 F. Supp. 2d 337, 348 (E.D.N.Y. 2012) ("ACS is an agency of the City of New York and cannot be sued independently."). In addition, "claims against ACS workers in their official capacities are deemed to be claims against ACS," and thus also must be brought against the City of New York. *Ragland,* 2021 WL 4430271, at *3. Accordingly, Plaintiff's claims against the ACS and ACS staff in their official capacities are dismissed in their entirety.

Plaintiff's claims against ACS staff could also be construed as being brought in their personal capacities as well. Plaintiff alleges that Wilkins-Burrell and Hobson failed to report his allegations about his daughter's mother to Family Court in August, 2020; that he "got into

5

words" with Wilkins-Burrell when she visited his mother's home and interviewed his daughter in front of other family members; and that Hobson asked him to bring his daughter to a visit and then informed him of an Emergency Removal on the basis of an allegation of negligence and/or child abuse. Plaintiff alleges that Leslie Dunn assaulted him and then conducted an investigation into the allegations of child abuse, allegations that were subsequently withdrawn.

Plaintiff's claims against Wilkins-Burrell and Hobson fail to plausibly allege a Section 1983 claim against them. He has not demonstrated that these ACS employees had a constitutional duty to report his claims about what his daughter told him to the Family Court handling his custody dispute. His verbal altercation with Wilkins-Burrell during a home visit does not suggest any violation of Plaintiff's constitutional rights. The claim that Hobson scheduled a supervised visit and subsequently informed him of an emergency removal does not state a claim for any constitutional violation. As Plaintiff does not allege any facts that would permit the Court to infer that Wilkins-Burrell and Hobson violated Plaintiff's rights in their personal capacities, his Section 1983 claims against these Defendants are dismissed.  Plaintiff's claim that Leslie Dunn assaulted him at an ACS agency location in Manhattan does suggest a possible violation of his constitutional rights and may proceed.

Plaintiff also brings Section 1983 claims against the New York Police Department ("N.Y.P.D.") and Detective Savage. The N.Y.P.D., like the ACS, is an agency of the City of New York and is thus not amenable to suit. *Rogers v. N.Y.C. Police Dep't*, No. 12-cv-3042, 2012 WL 4863161, at *2 (E.D.N.Y. Oct. 12, 2012) (The N.Y.P.D. is not a suable entity.). Accordingly, the N.Y.P.D. is dismissed as a defendant. Plaintiff claims that Detective Savage detained him for 24 hours.  As this alleged false arrest or imprisonment claim could be construed

6

as being brought in the officer's official capacity, the claim against Detective Savage may proceed.

## CONCLUSION

Plaintiff's request to proceed IFP is granted. L.R. is dismissed as a plaintiff, without prejudice. Defendants ACS, NYPD, Kathleen Hobson, and Shakia Wilkins-Burrell are dismissed from this action *sua sponte*. The claims against Leslie Dunn and Detective Savage may proceed.

The Clerk of Court is directed to issue a summons against Dunn and Savage and the United States Marshals Service is directed to serve Dunn and Savage without prepayment of fees. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of Plaintiff's current address means the Court will not know where to contact Plaintiff and may result in dismissal of the case. For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665 or visit the Court's website at https://www.nyed.uscourts.gov/self-representation.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and mark the mailing on the docket. A courtesy copy of this Order shall be sent to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

SO ORDERED.

                                                                                                        _____
**RAMÓN E. REYES, JR.**
United States District Judge

Dated: Brooklyn, New York
           December 26, 2023