UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSHUA RODRIGUEZ,

                Plaintiff,

      - against -

LESLIE DUNN, Investigator, ACS Agency;
DECLAR SAVAGE, Detective, NYPD, Shield #
5757; DANIEL CESPEDES; THE CITY OF
NEW YORK; JEWISH CHILD CARE
ASSOCIATION; and MYRCI JOSEPH, Foster
Care Social Worker,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CV-8313 (RER)(LB)

**RAMÓN E. REYES, JR.**, United States District Judge:

      Plaintiff Joshua Rodriguez filed the above-captioned *pro se* civil action on November 8, 2023, ostensibly on behalf of himself and his minor child. ECF No. 1. By Memorandum and Order entered December 26, 2023, the Court granted the application to proceed *in forma pauperis* ("IFP"); dismissed L.R. as a plaintiff; dismissed Defendants Kathleen Hobson, Shakia Wilkins-Burrell, the Administration for Children's Services ("ACS"), and the New York City Police Department from the lawsuit; and directed service of the complaint on Defendants Leslie Dunn and Detective Savage. ECF No. 6. Plaintiff filed an Amended Complaint on December 21, 2023, ECF No. 5, but it was not docketed until December 26, 2023, and thus it was not reviewed by the Court prior to issuing the Order. For the reasons that follow, the City of New York, Daniel Cespedes, the Jewish Child Care Association, and Myrci Joseph are dismissed as Defendants. The claims against Leslie Dunn and Detective Savage in the Amended Complaint may proceed.

**BACKGROUND**

The Amended Complaint expands on the factual allegations that were raised in the original Complaint. The Court summarizes the allegations related to Defendants who were named for the first time in the Amended Complaint.

The Amended Complaint states that Plaintiff filed a claim with ACS on December 31, 2018 in which he alleged that Estephani, the mother of Plaintiff's child, had placed the five-year-old child alone in a taxi. ECF No. 6 at 10. Plaintiff alleges that Defendant Daniel Cespedes investigated the claim and found it to be "unfounded." ECF No. 6 at 10. Plaintiff states that his daughter's grandmother told him that "CPS Worker Daniel Cespedes work phone was subpoenaed in Queens Family Court," that Cespedes tried to bribe her, and that Cespedes and Estephani engaged in an intimate relationship. *Id.* Plaintiff does not provide any dates for when the investigation concluded or when the alleged bribery and relationship began. He does state: "I had to wait for Estephani to make another mistake and eventually it happened on August of 2020." *Id.*

The Amended Complaint alleges that the Jewish Child Care Association and its social worker Myrci Joseph were briefly involved in the case when the child's grandmother was temporarily removed as a guardian, but it does not include any specific claims against these Defendants. *Id.* at 12. The Amended Complaint also names the City of New York, but it does not allege any policy or practice of this Defendant.

## DISCUSSION

The Court's December 26, 2023 Order described the relevant standard of review and the requirements to state constitutional claims under 42 U.S.C. § 1983. As explained in that Order, a municipality, such as the City of New York, can be liable under Section 1983 only if a plaintiff is able to show that a municipal policy or custom caused the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The Amended Complaint does not

allege that the City of New York has any policy or custom that deprived Plaintiff of his constitutional rights. Accordingly, Plaintiff's claim against the City of New York is dismissed.

The Amended Complaint names the Jewish Child Care Association and one of its social workers as Defendants, but it does not allege that they took any actions that deprived Plaintiff of his constitutional rights or harmed him in any way. Accordingly, the claims against the Jewish Child Care Association and Myrci Joseph are dismissed.

Plaintiff alleges that Daniel Cespedes conducted an investigation into Plaintiff's claim against his daughter's mother and found the claim to be unfounded. Plaintiff also states that he was told that Cespedes engaged in bribery and an intimate relationship with the subject of this investigation. While these are serious allegations of impropriety, Plaintiff has not demonstrated that his constitutional rights were violated during the investigation of Plaintiff's allegation of neglect or abuse. Plaintiff has no right to a particular outcome of an investigation of another parent. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (upholding dismissal of parent's claim that social services agency failed to protect child from the other parent's abuse, because "Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"); *Nieves v. Gonzalez*, No. 05-CV-17 (SR), 2006 WL 758615, at *4 (W.D.N.Y. Mar. 2, 2006) (citing cases finding "no constitutional right to an investigation by government officials). As Plaintiff does not allege any facts that would permit the Court to infer that Cespedes violated Plaintiff's rights, his Section 1983 claim against this Defendant is dismissed.

Moreover, even if Plaintiff could demonstrate that Cespedes' actions in investigating and closing the case against another person violated Plaintiff's constitutional rights, this claim appears to be time-barred. Section 1983 claims are subject to a three-year statute of limitations

3

for actions filed in federal courts within New York State. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989) (courts deciding claims under Section 1983 should "borrow" the State statute of limitations for personal injury actions); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (finding that the statute of limitations for § 1983 actions in New York State is three years, citing N.Y. C.P.L.R. § 214(5) (McKinney's 1990)). Here, Plaintiff states that he lodged the neglect allegation on December 31, 2018. He does not provide details of the subsequent investigation or state when Cespedes dismissed the neglect claim as unfounded, although he implies that it happened prior to Estephani "mak[ing] another mistake" in August, 2020. If so, then this claim would fall outside of the three-year Statute of Limitations for Section 1983 claims. "A complaint that is time-barred fails to state a claim on which relief may be granted, . . . and a district court may sua sponte dismiss a complaint as time-barred where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.' " *Khalil v. Pratt Inst.*, 818 F. App'x 115, 116 (2d Cir. 2020) (citations omitted); *see, also, Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (affirming *sua sponte* dismissal of time-barred Section 1983 claims).

## CONCLUSION

For the reasons set forth above, the new Defendants named in the Amended Complaint – the City of New York, Daniel Cespedes, the Jewish Child Care Association, and Myrci Joseph – are dismissed from the lawsuit. The claims against Leslie Dunn and Detective Savage may proceed, as discussed in the December 26, 2023 Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to amend the caption of the docket to include Joshua Rodriguez as the only plaintiff and Leslie Dunn and Detective Declar Savage as the only defendants, to mail a copy of this order to Joshua Rodriguez and mark the mailing on the docket, and to send a courtesy copy of this Order to the Corporation Counsel for the City of New York, Special Federal Litigation Division. The United States Marshals Service is directed to serve Dunn and Savage with the Amended Complaint along with the summons without prepayment of fees.

SO ORDERED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2024.01.04 11:09:30 -05'00'

**RAMÓN E. REYES, JR.**
United States District Judge

Dated: Brooklyn, New York
       January 4, 2024