UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-8313 (RER) (LB)

———————————

JOSHUA RODRIGUEZ

VERSUS

LESLIE DUNN, *ET AL*.

———————————

**MEMORANDUM AND ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Joshua Rodriguez ("Plaintiff") brought this action under 42 U.S.C. § 1983 for constitutional violations against defendant Leslie Dunn ("Dunn") and detective Declar Savage ("Detective Savage"). Before the Court is Detective Savage's motion to dismiss the amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 39.) After carefully reviewing the record and for the reasons stated below, Detective Savage's motion is **GRANTED**.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history as described in its two earlier memoranda and orders. (ECF Nos. 5, 6, and 8.) The Court only revisits the facts relevant to resolving Detective Savage's motion to dismiss.[1]

---

[1] Both parties submitted exhibits in support of their motion papers. As this action is at the motion to dismiss stage, the Court will only take judicial notice of the documents of public record relating to Plaintiff's arrest and prosecution. *Awelewa v. New York City*, No. 11 Civ 778, 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) ("Judicial notice may be taken of public records, including arrest reports, criminal complaints, indictments, and criminal disposition data.") (quoting *Wims v. New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011)) (internal quotation marks omitted).

Around October 23, 2020, Plaintiff received temporary custody of his daughter, L.R., through New York City Family Court, Queens County. (Amended Complaint, ECF No. 5 ("Am. Compl.") at 3.)[2] Plaintiff later filed a complaint with the Administration for Children's Services ("ACS") against L.R.'s mother for child neglect. (*Id*.) Though Plaintiff spoke with an ACS worker after filing the complaint, he did not allege that ACS made a final decision on that complaint. (*Id*. at 3–4.) Instead, a supervisor at ACS spoke with Plaintiff to schedule a time for L.R. to see her mother at an ACS location. (*Id*. at 4.)

Immediately after L.R.'s first visit with her mother, ACS conducted an emergency removal based on allegations against Plaintiff of child neglect and abuse. (*Id*. at 4.) Plaintiff had been waiting at an ACS location for L.R. to be delivered back into his custody. (*Id*.) Dunn, an ACS investigator, was also waiting in that location. (*Id*.) At some point while Plaintiff was waiting, Dunn allegedly punched Plaintiff in the stomach and said, "I heard about you." (*Id*.) After the interaction with Dunn and after receiving a call from an ACS supervisor informing him of the emergency removal, Plaintiff called 9-1-1 and filed a police report. (*Id*.) Plaintiff learned the next day that Dunn filed a child neglect case against him and placed L.R. in foster care. (*Id*.; ECF No. 42-1.)

Plaintiff then appeared before Family Court on December 10 where ACS informed the court of the neglect case. (Am. Compl. 5.) The court found ACS to be credible and told Plaintiff that he had to do "[v]isits and [s]ervices" until the next court date. (*Id*.) About two weeks later, detectives from the New York City Police Department visited Plaintiff's mother's apartment looking for Plaintiff. (*Id*.) Plaintiff called his criminal defense attorney,

---

[2] Plaintiff used a form complaint as his amended complaint. Plaintiff numbered and attached to the form complaint separate sheets of paper with his factual allegations. The Court is therefore using the page numbers of the attached papers.

2

and the attorney advised Plaintiff that he should turn himself in to the Special Victims Unit ("SVU"). (*Id.*) Plaintiff did so on January 5, 2021. (*Id.*; ECF No. 42-19.)

Plaintiff was detained for twenty-four hours, arraigned on January 6, 2021, and then released on his own recognizance with a temporary order of protection issued against him. (Am. Compl. 5; ECF 42-7; ECF 42-19.) Plaintiff then continued to appear for proceedings in both Family Court and Criminal Court. (Am. Compl. 5.) In the criminal case, the prosecution offered Plaintiff a plea to an adjournment in contemplation of dismissal twice, but Plaintiff rejected both offers and told the prosecution that he had not hit his daughter. (*Id.*) ACS eventually withdrew its child neglect case against Plaintiff in Family Court in August 2021 (ECF No. 42-18), and the criminal case was dismissed in September 2021 due to "insufficient evidence." (Am. Compl. 6.) Plaintiff has since worked to undo the legal consequences of the child neglect and SVU cases against him, such as getting his name removed from the New York Statewide Central Registry in 2023, but he has not regained custody of his daughter. (*Id.*) Plaintiff then commenced this action on November 8, 2023. (ECF No. 1.)

## DISCUSSION

I. Legal Standard – Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. 678. (cleaned up) (internal citations and quotation marks omitted).

When considering a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff appears *pro se*, the court may also accept as true well pleaded factual allegations in his opposition to a motion to dismiss. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013). The pleadings of a *pro se* plaintiff should also be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts have long held that a "district court may rely on matters of public record" in deciding a motion to dismiss under Rule 12(b)(6). *Haczynska v. Mount Sinai Health Sys., Inc.*, 738 F. Supp. 3d 300, 307–08 (E.D.N.Y. 2024) (citing Fed. R. Evid. 201(b) and *Giraldo v. Kessler,* 694 F.3d 161, 164 (2d Cir. 2012)); *see also Id.*, n.5 (collecting cases).

The Court construes the *pro se* amended complaint as asserting claims against Detective Savage under Section 1983 for false arrest, false imprisonment, and malicious prosecution.

II.   <u>Plaintiff's False Arrest and False Imprisonment Claims Fail</u>

"The Fourth Amendment protects 'the right of the people to be secure in their persons…against unreasonable…seizures.'" *Manuel v. City of Joliet, Ill.*, 580 U.S. 357,

364 (2017). This includes the right to be free from arrest without probable cause. *Iacobi v. Felix*, No. 19-CV-03245 (RPK) (ST), 2022 WL 21781617, at *2 (E.D.N.Y. Sept. 9, 2022) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). To prevail on a false arrest (and false imprisonment) claim under Section 1983, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022) (citation and internal quotation marks omitted). Moreover, "[t]he existence of probable cause to arrest ... is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant*, 101 F.3d at 852 (2d Cir. 1996). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citations omitted). "[T]he veracity of complaints by citizens who are the victims of the very crimes they report to the police is assumed." *Walker v. City of New York*, No. 15-CV-500 (NG)(ST), 2017 WL 2799159, at *4 (E.D.N.Y. June 27, 2017).

Detective Savage argues that Plaintiff's confinement was privileged because she had probable cause. (ECF No. 40 ("Def. Mem. of Law") 5–8.) The Court agrees. Here, the Kings County District Attorney's Office first conducted a confidential investigation into the allegations of child abuse. (ECF No. 41-3 ("Arrest Report"); 41-4 ("Complaint Report").) Detective Savage then spoke with the supposed victim, L.R., by way of a forensic interview. (*Id*.) During that interview, L.R. provided specific details of Plaintiff striking her with the metal part of a belt on her thigh on two separate occasions. (*Id*.)

5

Though Plaintiff disputes the underlying allegations, he does not dispute that Detective Savage based Plaintiff's arrest on L.R.'s forensic interview. (ECF No. 42 ("Pl.'s Opp.") at 1.) Moreover, the Second Circuit has consistently held that an officer does not have to eliminate every plausible claim of innocence before making an arrest. *See Garcia v. Does*, 779 F.3d 84, 93 (2d Cir. 2015) (citing *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) and *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006)).

To be sure, in cases involving allegations of child *sexual abuse* rather than *physical abuse*, some district courts within this Circuit have questioned the veracity of young children who have provided victim statements to the police. *See Gonzalez v. Delaware County*, No. 3:17-CV-373 (LEK/DEP), 2017 WL 6001823, at *6 (N.D.N.Y. Dec. 4, 2017) (collecting cases where courts required other evidence to corroborate a child's allegations of sexual abuse). But, as noted in a recent decision also from the Northern District of New York, the Second Circuit has not ruled on whether young children's statements should be assumed as true or should require support from corroborating evidence, so district courts should look to the "totality of the information known" to the arresting officer at the time of the arrest to determine if the officer could have reasonably relied on the child's statement. *See Bedore v. Lind*, No. 8:22-CV-00473, 2023 WL 5627584, at *6 (N.D.N.Y. Aug. 31, 2023) (citing *Gonzalez v. Hahl*, 850 F. App'x. 127 (2d Cir. 2021)).

Plaintiff has not raised any issues as to why Detective Savage, based on the totality of the information she knew, should not have fully credited L.R.'s testimony from the forensic interview. *Cf. Simuro v. Shedd*, 176 F. Supp. 3d 358, 378 (D. Vt. 2016) (finding that the putative victim's statement was not sufficient to confer probable cause because of the putative victim's young age, ADHD medication along with video evidence of

6

putative victim having "difficulties concentrating on the topic of discussion," and the putative victim's inconsistent statements regarding the alleged abuse.). And, while this is not a motion for summary judgment, the Court finds that the amended complaint and supporting documents do not raise a false arrest or false imprisonment claim that is plausible on its face. Defendant's motion to dismiss for failure to state a claim is granted as to the false arrest and false imprisonment causes of action.

### III.   Plaintiff's Malicious Prosecution Claim Fails

"To prevail on a §1983 claim for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Azeez v. City of New York*, 790 F.App'x 270, 273 (2d Cir. 2019) (summary order) (quotations omitted). To properly plead a malicious prosecution claim under New York law, a plaintiff must demonstrate that "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor. *Caraballo v. City of New York*, 726 F. Supp. 3d 140, 159 (E.D.N.Y. 2024) (quoting *Rentas v.* Ruffin, 816 F.3d 214, 220 (2d Cir. 2016)); *Thompson v. Clark*, 596 U.S. 36, 44 (2022) (citing T. Cooley, Law of Torts 181 (1880)). Probable cause, in a malicious prosecution claim, "is measured as of the time the judicial proceeding is commenced, such as when plaintiff is arraigned." *Caraballo*, 726 F. Supp. 3d at 160 (quoting *Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000)). As with false arrest, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Merrill v. Copeland*, No. 22-1928, 2024 WL 119261, at *2 (2d Cir.

Jan. 11, 2024) (summary order) (quoting *Friend v. Gasparino*, 61 F.4th 77, 85 (2d Cir. 2023)).

Detective Savage argues that Plaintiff's malicious prosecution claim fails because (1) Plaintiff failed to adequately plead a malicious prosecution claim, (2) failed to show that Detective Savage initiated the criminal proceedings against Plaintiff with malice and, (3) failed to show that Detective Savage did not have probable cause. (Def.'s Mem. of Law 5–10.) In his response, Plaintiff concedes to voluntarily surrendering to SVU's custody but argues that Detective Savage should have conducted a more thorough investigation before arresting Plaintiff. (Pl.'s Opp. at 1.) And in his amended complaint, Plaintiff emphasizes that both the Family Court action and the Criminal Court action related to the alleged child neglect and abuse were either withdrawn or dismissed. (Am. Compl. ¶¶ 5–6.)

Plaintiff's malicious prosecution claim fails for at least two reasons: Plaintiff's allegations fall short of plausibly showing that Savage did not have probable cause to initiate a criminal action against Plaintiff or that Detective Savage acted with malice. *First*, Plaintiff has failed to show that Detective Savage did not have probable cause. As discussed above, Detective Savage spoke with the alleged victim before arresting Plaintiff. Plaintiff was then arraigned the next day, and Plaintiff does not allege that Detective Savage became aware of any intervening facts that would have led her to believe that the charges underlying Plaintiff's arrest were no longer valid. *See Caraballo*, 726 F.3d at 160 ("where probable cause to arrest exists, and there are no intervening facts between arrest and initiation of prosecution to undermine that probable cause, claims of malicious prosecution cannot survive.") (quoting *Powell v. Murphy*, 593 Fed.

8

App'x 25, 28 (2d Cir. 2014)) (cleaned up); *see also Moorehead v. City of New York*, No. 11-CV-3924 (SLT) (SMG), 2013 WL 12321975, at *5 (E.D.N.Y. Dec. 3, 2013) (finding probable cause existed because none of the intervening facts proffered by the plaintiff "serve[d] to make apparent the groundless nature of the charges."); *Ladoucier v. City of New York*, No. 10 Civ 05089, 2011 WL 2206735, at *4 (S.D.N.Y. June 6, 2011) (dismissing a federal malicious prosecution claim because of the existence of probable cause). In fact, Detective Savage testified in a deposition that the charges brought against Plaintiff were based off information received from the victim, L.R., herself. (ECF No. 42-6).

*Second*, Plaintiff has not plausibly shown that Detective Savage helped to initiate the criminal proceedings out of malice. To show malice, a plaintiff must demonstrate "that the defendant…commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Roman v. City of Mount Vernon*, No. 21-CV-2214 (KMK), 2022 WL 2819459, at *13 (S.D.N.Y. July 19, 2022) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)). Plaintiff here alleges that Detective Savage took Plaintiff into custody after Plaintiff surrendered himself and then held Plaintiff in custody for twenty-four hours. (Am. Compl. ¶ 5; Pl.'s Opp. at 3). Plaintiff also submitted documentation from his criminal proceeding, which showed that Detective Savage spoke to L.R. about the alleged corporeal punishment and then provided deposition testimony to support the charges against Plaintiff. (ECF 42-6). But such acts alone are insufficient to show malice. Plaintiff has thus not shown that Detective Savage had an improper motive. At most, Plaintiff alleges that Detective Savage failed to adequately investigate the accusations against him before assisting the district attorney

9

with bringing charges. But it is undisputed that Detective Savage spoke directly to L.R., who provided detailed allegations of corporeal punishment. The Court therefore finds that Detective Savage acted with probable cause and without malice. Plaintiff's malicious prosecution claim against Detective Savage is therefore dismissed.

### IV. Qualified Immunity

Even if the Court found that Detective Savage lacked *actual* probable cause, Detective Savage has proffered a meritorious qualified immunity defense because she had *arguable* probable cause. (ECF No. 40 ("Def. Mem. of Law") at 12–13). "Qualified immunity shields officials [from liability for civil damages] when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Soukaneh v. Andrzejewski*, 112 F.4th 107, 115 (2d Cir. 2024) (quoting *White v. Pauly*, 580 U.S. 73, 78–79 (2017)) (cleaned up and internal citations and quotation marks omitted); *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). The defendant, however, bears the burden of proof. *Guan*, 37 F.4th at 806 (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)) (internal citations omitted). To decide if an official is entitled to qualified immunity, courts conduct a two-pronged test: the court determines if (1) there was a violation of a constitutional right and (2) if the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Soukaneh*, 112 F.4th at 116.

A right is "clearly established" when an outline of the right is "sufficiently clear" for a "reasonable official" to understand that their actions are violating that right. *Id*.; *Guan*, 37 F.4th at 806. But an officer will be immune if reasonable officers could disagree on either "the legality of the action at issue in its particular factual context" or on whether

probable cause existed. *Guan*, 37 F.4th at 806. Simply put, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id*. (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) (internal citations and quotation marks omitted).

Here, arguable probable cause existed. As explained above, Detective Savage had no reason to doubt the statement of L.R. during the forensic interview, and Plaintiff has not raised any reasons why L.R.'s statement should be questioned or that Detective Savage learned of new information between the time of the forensic interview and the arrest and subsequent prosecution that would have nullified the existing probable cause. The Court therefore finds that a reasonable officer could have believed that they had probable cause to arrest and prosecute Plaintiff based on L.R.'s forensic interview. Thus, the false arrest claim against Detective Savage is dismissed.

## **DENIAL OF LEAVE TO AMEND**

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once…"). "But amendment should be denied where the complaint gives no indication that a valid claim might be stated." *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (cleaned up). The Court, here, concludes that granting leave to amend the complaint a second time would be futile and declines to do so.

## **CONCLUSION**

For the reasons set forth above, the Court therefore **GRANTS** the motion to dismiss Plaintiff's claims against Detective Savage. Only Plaintiff's claims against defendant Dunn may proceed.

SO ORDERED.

/s/ RAMÓN E. REYES, JR.
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 7, 2025
 Brooklyn, NY