UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-8313 (RER) (LB)

———————————

JOSHUA RODRIGUEZ

versus

LESLIE DUNN, ET AL.

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Joshua Rodriguez seeks reconsideration of this Court's July 7, 2025, Memorandum and Order granting defendant Declar Savage's motion to dismiss all claims asserted against her. (ECF Nos. 49, 48.) After carefully reviewing the record, and for the reasons set forth herein, Rodriguez's motion for reconsideration is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history and refers to its July 7, 2025, Memorandum and Order ("Order") for a full recitation. (*See* Mem. and Order, ECF No. 48.) Here, the Court addresses the factual background relevant to this motion for reconsideration.

On August 30, 2024, defendant Detective Declar Savage ("Detective Savage") filed a Rule 12(b)(6) motion to dismiss all of plaintiff Joshua Rodriguez's ("Plaintiff") claims asserted against her for failure to state a claim upon which relief could be granted. (Def.'s Mot. to Dismiss, ECF No. 39–43.) The Court granted Detective Savage's motion on July 7, 2025. (Mem. and Order, ECF No. 48.) The following week, Plaintiff filed a motion for

reconsideration of that Order. (Pl.'s Mot. for Recons., ECF No. 49.) Plaintiff's motion to reconsider essentially repeats the same allegations and arguments offered in his amended complaint and memorandum in opposition to Detective Savage's motion to dismiss. (*See* Amended Complaint, ECF No. 5 ("Am. Compl."); Pl.'s Mem. of Law in Opp., ECF No. 42.) In the section entitled "Objection to Defendant Motions," Plaintiff argues that Detective Savage's motion and its supporting exhibits failed to demonstrate probable cause to arrest him. (ECF No. 42 at 1; ECF No. 49 at 1.) In his "Summary of Facts," Plaintiff alleges that Detective Savage arrested him after he voluntarily turned himself in to the Special Victims Unit at the 45 Nevins Street office. (ECF No. 42 at 3; ECF No. 49 at 5–6.) Plaintiff then alleges that Detective Savage worked with then Kings County Assistant District Attorney Meredith Abrams on a criminal case filed against him. (ECF No. 42-6; ECF No. 49 at 6.) Finally, in Plaintiff's "Outro: Not to Dismiss Dedendant [sic] Declar Savage," he argues that Detective Savage should not be dismissed from this action because she failed to conduct a thorough investigation before arresting him. (ECF No. 42 at 1; ECF No. 49 at 10–11.)

## **LEGAL STANDARD**

### I. Motion for Reconsideration

Although Rodriguez does not specify the rule under which he is seeking reconsideration, the Court construes his motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3.[1]

---

[1] Motions for reconsideration may also come under Federal Rule of Civil Procedure 59(e). *Petion v. Senior Philanthropy of Westport, LLC*, No. 3:16-CV-1993 (JBA), 2019 WL 762666, at *1 (D. Conn. Feb. 21, 2019) (quoting *Assoc. for Retarded Citizens of Conn. v. Thome*, 68 F.3d 547, 553 (2d Cir. 1995)); *Khalil v. United*

2

Motions for reconsideration under either Rule 60(b) or Local Civil Rule 6.3 are held to a strict standard, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); accord *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."); *Mirkin v. XOOM Energy, LLC*, No. 18-CV-2949 (ARR) (RER), 2018 WL 6381456, at *1 (E.D.N.Y. Dec. 6, 2018) (quoting *Shrader*, 70 F.3d at 257). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Survs.*, 684 F.3d at 52 (quotations, alterations and citation omitted). It is within the sound discretion of the district court whether to grant or deny a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014); *Callari v. Blackman Plumbing*

---

*States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 11466792, at *1 (E.D.N.Y. Mar. 29, 2018). Rule 59(e), however, "contemplates only motions to alter or amend *judgments*." 12 James Wm. Moore et al., Moore's Federal Practice § 59.05(7)(b) (Matthew Bender 3d ed. 2019) (emphasis added); *see also* Fed. R. Civ. P. 59(e) (providing that a "motion to alter or amend a judgment" must be filed within 28 days of that judgment). As no judgment has yet issued in this case, Rodriguez cannot seek redress under Rule 59(e). *See Hill v. The Bd. and Dirs., Officers, and Agents and Individuals of Peoples Coll. of Law*, No. 2:23-CV-01298-JLS-BFM, 2025 WL 2019820, at *1 (C.D. Cal. July 11, 2025) ("The Court has not entered judgment in this case, and thus relief pursuant to Rule 59(e) is inappropriate.") (citing *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 70–71 (2d Cir. 2023) ("An order that adjudicates…the rights and liabilities of fewer than all of the remaining parties[] is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'") (quoting *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000)).

*Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013). Parties who seek reconsideration of a prior decision may not simply "reargue the same points raised previously." *United States v. Gross*, No. 98-CR-0159 (SJ), 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) (citing *PAB Aviation, Inc. v. United States*, No. 98-CV-5952 (JG), 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000)).

## **DISCUSSION**

Plaintiff has failed to carry his burden under Rule 60(b) and Local Civil Rule 6.3. Plaintiff's motion for consideration merely rehashes his version of the facts and legal arguments which he has already alleged in his amended complaint and opposition to Detective Savage's motion to dismiss. (Amended Complaint, ECF No. 5; ECF No. 42.) That is insufficient to meet the strict standards for reconsideration. Plaintiff cites to no facts or controlling law that the Court overlooked or misapprehended in a way that erroneously changed the outcome of its prior decision. S.D.N.Y. & E.D.N.Y. Local Civ. R. 6.3; *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Plaintiff, for example, would have needed to show that the Court overlooked a fact or controlling law that would have shown that Detective Savage learned of information between the time that she conducted a forensic interview of Plaintiff's daughter and the time she arrested Plaintiff that would have caused her to no longer have probable cause to believe L.R.'s testimony that Plaintiff twice used a metal end of a belt to corporeally punish L.R. (*See* ECF No. 48 at 4–11.) Plaintiff failed to do so. (*See generally* ECF No. 49.) Because Plaintiff only repeats the same factual allegations and legal arguments that he made in his amended complaint and opposition papers, the Court finds that Plaintiff

4

has failed to meet the demanding standard of Rule 60(b) and Local Civil Rule 6.3. *See Liu v. Cuomo*, No. 22-CV-5384 (PKC) (LB), 2023 WL 5436133, at *2 ("because Plaintiff is relying on her previous pleadings only, which the Court thoroughly reviewed and dismissed, and Plaintiff does not point to any controlling decision that the Court overlooked, she has not established any grounds for granting her motion for reconsideration under Rule 59(e).").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED.**

SO ORDERED.

/s/ RAMÓN E. REYES, JR.

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 24, 2025
Brooklyn, NY

5