RECEIVED
JUN 2 2 2026
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSHUA RODRIGUEZ
Plaintiff/ *Pro Se*

23CV-08313-RER-CHK

-Against-

**MOTION TO COMPEL
(FRCP 37)**

LESLIE DUNN *et al.*
Defendants

---

# INTRODUCTION

Pursuant to Rule 37 of the Federal of Civil Procedure, I Plaintiff Pro Se is filing this Motion to Compel with the Eastern District Court of New York based on non-compliance by the Defendant(s). I, the Plaintiff is requesting Discovery Production of Documents/ Materials from the opposing parties.

# SUMMARY OF DISCOVERY

During the Discovery Phase I the Plaintiff exchanged request for Production of Documents, Interrogatories, Deficiency Letter, Deposition and a Meet-and-Confer with City Counsel. As for Discovery Defendant Responses for Interrogatories and First Set of Production of Documents, the Defendant "DID NOT" produce any requested documents on Plaintiff's request. I the Plaintiff served the First Set of Production of Documents to Defendant(s) on April 9, 2026 and

REC'D IN PRO SE OFFICE
JUN 22 '26 PM 12:36

gave a courtesy of 30 days to respond. Defendant Responses were submitted on time, but failed to produce any documents and they also answered the Interrogatories but with entirely objections. I the Plaintiff emailed City Counsel with a Deficiency Letter June 8, 2026 to notify request on Production of Materials which I the Plaintiff gave City Counsel until June 18, 2026 for Production of Documents but City Counsel and Defendant Leslie Dunn failed to do so. In between the waiting time period Plaintiff and City Counsel schedule to Meet-and-Confer. and City Counsel claimed documents will be available June 19, 2026 but no responses with request to provide Production of Documentations.

## EXHIBITS

1.) Discovery Request Interrogatories to Defendant- **EXHIBIT: A**

2.) Discovery Request First Set of Production of Documents to Defendant- **EXHIBIT: B**

3.) Defendant Responses for Interogatories and Production of Documents- **EXHIBIT: C**

4.) Plaintiff's Deficiency Letter- **EXHIBIT: D**

5.) Defendant Meet-and-Confer Email- **EXHIBIT: E**

## SPECIFIC REQUEST TO BE COMPELLED

I the Plaintiff request for Production Materials containing "ACS Administration of Children's Services Records and information involving the Plaintiff, Plaintiff Child, and Defendant Leslie Dunn. The Case file/ Records I request is from December 1, 2020 - August 31, 2021.

# **LEGAL ARGUMENT**

The requested Documents are directly relevant to the issues in this case and are reasonably calculated to lead to admissible evidence. Plaintiff/ Movant served Discovery and made request(s) for materials but City Counsel and Defendant Leslie Dunn has NOT made any executions of Materials/ Documents on request of Discovery.

# **CONCLUSION**

WHEREFORE, I Plaintiff *Pro Se* Joshua Rodriguez respectfully request that the Court grant the Motion to Compel, Order the Production of the requested documents within a time certain, and permit service of Subpoena and also authorization.

Respectfully,

Dated: June 22, 2026

Joshua Rodriguez
811 Flushing Avenue Apt. 16D
Brooklyn, N.Y. 11206
Tel: (646)-975-8838
Email: hypebeast1204@icloud.com
Plaintiff / *Pro Se*

To:

Alfred Miller Jr.
Senior Counsel, General Litigation Division
NYC Law Department
100 Church Street
New York, N.Y. 10007
(212)-356-2392
alfmille@law.nyc.gov

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSHUA RODRIGUEZ
Plaintiff/ *Pro Se*

        -Against-

LESLIE DUNN Investigator ACS Agency
Defendants

23CV-08313-RER-CHK

**PLAINTIFF FIRST SET
OF INTERROGATORIES
TO DEFENDANT**

---

# INTRODUCTION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff hereby propounds the

following interrogatories to Defendant. Defendant must answer each interrogatory fully in

writing and under oath within 30 days.

# DEFINITIONS & INSTRUCTIONS

1.) "You" or "Defendant" refers to Leslie Dunn.

2.) Each interrogatory must be answered separately and fully.

3.) If you object to any interrogatory, state the specific grounds for objection.

# INTERROGATORIES

## INTERROGATORY NO. 1

State your full name, Agency address, and position (if applicable).

## INTERROGATORY NO. 2

Describe in detail your version of the events described in the Complaint.

## INTERROGATORY NO. 3

Identify all persons with knowledge of facts related to this case.

## INTERROGATORY NO. 4

Describe any actions you took related to the incident described in the Complaint.

## INTERROGATORY NO. 5

State all defenses you intend to insert in this case.

## INTERROGATORY NO. 6

Identify all documents that support your defense.

## INTERROGATORY NO. 7

Describe any communications (written or oral) related to the events in this case.

## INTERROGATORY NO. 8

During any time was there any physical contact between you and the Plaintiff at the Manhattan ACS Agency? Yes or No.

## INTERROGATORY NO. 9

Did you as the Defendant filed an "Article 10 Neglect case" at the Kings Family Court on December 4, 2020? Yes or No.

## INTERROGATORY NO. 10

Was there any involvement with N.Y.P.D. with you the defendant and the Plaintiff? Yes or No?

## INTERROGATORY NO. 11

At any point of interacting with Plaintiff, did you as the defendant use any malicious behavior towards the Plaintiff at any point. For example: Any false claims, interjection of visits or resisting visits with Plaintiff and his child.

## INTERROGATORY NO. 12

During any testimony/ testimonies were you as the defendant, did you fabricate or gave false information while testifying? Yes or No?

## ATTESTATION

_____, being first duly sworn on oath, deposes and states that he/she is a defendant in the above-captioned matter, that he/she has read the foregoing document, and the answers made herein are true, correct and complete to the best of his/her knowledge and

belief.

Signature: _____

SUBSCRIBED and SWORN to before me this _____ day of _____, 20____.

_____

NOTARY PUBLIC

Respectfully Submitted,

_____

Dated: April 09, 2026

Joshua Rodriguez
811 Flushing Avenue Apt. 16D
Brooklyn, N.Y. 11206
Tel: (646)-975-8838
Email: hypebeast1204@icloud.com
Plaintiff / *Pro Se*

To :
Alfred Miller Jr.
Senior Counsel, General Litigation Division
NYC Law Department
100 Church Street
New York, N.Y. 10007
(212)-356-2392
alfmille@law.nyc.gov

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSHUA RODRIGUEZ                                    23CV-08313-RER-CHK
Plaintiff/ *Pro Se*


            -Against-                      **PLAINTIFF FIRST SET
                                           OF REQUESTS FOR
                                           PRODUCTION OF
                                           DOCUMENTS**


LESLIE DUNN Investigator ACS Agency
Defendants

---

# INTRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby request for

production of documents to Defendant. Defendant must submit within 30 days.

# DEFINITIONS

1. **"You" or "Defendant"** refers to defendant(s), including agents, employees,

   representatives, attorneys, and anyone acting on their behalf.

2. **"Document"** means any written, recorded, or graphic material, including electronically

   stored information (ESI), emails, texts, reports, photographs, videos, and metadata.

3. **"Communication"** means any exchange of information, whether oral, written, or

   electronic.

4. **"Incident"** refers to occurrence described in the Complaint.

5. **"Relating to"** means concerning, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1. Produce documents as kept in the usual course of business or organized and labeled to correspond with each request.

2. Include all responsive documents in your possession, custody, or control.

3. If any documents is withheld based on privilege, provide a **privilege log**.

4. These requests are continuing in nature— supplement as required.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1**    All documents relating to the Complaint.

**REQUEST NO. 2**    All incident reports, internal reports, or investigations.

**REQUEST NO. 3**    All photographs or videos depicting the Complaint, scene, or involved parties.

**REQUEST NO. 4**    All witness statements (written, recorded, or summarized).

**REQUEST NO. 5**    Any surveillance footage capturing the Incident.

**REQUEST NO. 6**    All communications between Defendant and Plaintiff.

**REQUEST NO. 7**   All communication between Defendant and any third party regarding the Complaint.

**REQUEST NO. 8**   Personnel file(s) of employees involved in the Complaint.

**REQUEST NO. 9**   Records of prior complaints related to those employees.

**REQUEST NO. 10**   All emails, text messages, or electronic communications relating to Plaintiff Complaint.

Respectfully Submitted

Dated: April 09, 2026

Joshua Rodriguez
811 Flushing Avenue Apt. 16D
Brooklyn, N.Y. 11206
Tel: (646)-975-8838
Email: hypebeast1204@icloud.com
Plaintiff / *Pro Se*

To :
Alfred Miller Jr.
Senior Counsel, General Litigation Division
NYC Law Department
100 Church Street
New York, N.Y. 10007
(212)-356-2392
alfmille@law.nyc.gov

# EXHIBIT C



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JOSHUA RODRIGUEZ,

Plaintiff, *pro se*

-against-

LESLIE DUNN

Defendant.

-------------------------------------------------------------------- x

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

23-cv-08313

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, defendant, Leslie Dunn responds and objects to plaintiff's First Set of Interrogatories to Defendant and First Set of Request for Production of Documents and Interrogatories as follows:

## GENERAL STATEMENT

1. By responding to any request, defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendant objects to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s)'s right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.   In an ACS child removal case, a comprehensive and contemporary computerized case file, known as 'CONNECTIONS,' is used, in which all employees having participation in the case, enter their notes and reports of their activities. To the extent employees may send e-mails or texts to colleagues, those emails or texts--whether in substance or actually 'pasted'--are entered in CONNECTIONS. Therefore, it would be unreasonable to collect e-mails or texts individually and to utilize standard ESI protocols. The time and expense of such a search would be unwarranted, and disproportionate to the needs of the litigation which alleges solely a single punch to the stomach.

5.   Defendant objects in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York in this matter.

6.   Defendant further objects in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendant in response to the Interrogatories.

7. Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8.   Defendant(s) is continuing to search for information responsive to plaintiff's requests and therefore reserve(s) the right to supplement its response to each request with additional information, if and when such information becomes available to defendant's

counsel. Defendant(s) also reserve(s) the right to object to the future disclosure of any such information.

9. Defendants object to the definition of "Documents" to the extent that it includes "emails" from accounts because it is an unnecessary invasion of employees' privacy, because there is no basis to believe at this point that there is unique, non-duplicative, responsive information that exists only in their personal email account, and because it would be disproportionate to the needs of the litigation. Should it be necessary, the Parties will conduct a search of appropriate custodians' employer-supplied email using reasonable search criteria and produce responsive, non-privileged and/or protected documents identified as a result of that search consistent with the ESI protocol.

10. Defendants further object to the extent that Plaintiffs seek information protected by the Family Educational Rights and Privacy Act commonly known as "FERPA", Health Insurance Portability and Accountability Act of 1996, commonly known as "HIPAA," the Family Court Act or other privacy law without a valid authorization for the release of confidential information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State your full name, Agency address, and position (if applicable).

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Response:     Leslie Dunn
              Child Protective Specialist
              55 West 125th Street, Floor 4
              New York, NY 10027

### INTERROGATORY NO. 2:

Describe in detail your version of the events described in the Complaint.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2 on the grounds that it is vague, conclusory, and overbroad. Defendant also objects in that it calls for a narrative response that is more properly and efficiently obtained through deposition. Defendant further objects to the extent it calls for information that is beyond the scope needed for this litigation, in that it seeks information that has no relevance to either parties' remaining claims or defenses. As such, it is not proportional to the needs of the case.

Notwithstanding the above general and specific objections, Defendant denies punching Plaintiff.

### INTERROGATORY NO. 3:

Identify all persons with knowledge of facts related to this case.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to Interrogatory No. 3 on the grounds that it is vague, conclusory, and overbroad in that "this case" is not defined to include Plaintiff's only remaining claim.

- 4 -

Defendant incorporates by reference its general objection #4 as if fully set forth herein. Defendant further objects to the extent it calls for information that is beyond the scope needed for this litigation, because it seeks information that has no relevance to either parties' remaining claims or defenses, and is not proportional to the needs of the case.

Notwithstanding, and without waiving these objections, Defendant refers the Plaintiff to the initial disclosures for a list of person who may have knowledge.

**INTERROGATORY NO. 4:**

Describe any actions you took related to the incident described in the Complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 6 on the grounds that it is vague, conclusory, and overbroad as the Complaint is not limited to Plaintiff's only remaining claim. Further, it assumes that Defendant took any action. Defendant incorporates by reference its general objection #4 as if fully set forth herein. Defendant further objects to the extent it calls for information that is beyond the scope needed for this litigation, because it seeks information that has no relevance to either parties' remaining claims or defenses, and is not proportional to the needs of the case. Moreover, it is not limited in time and scope.

Notwithstanding, and without waiving these objections, Defendant states, to the best of her knowledge, that no such action took place with respect to Plaintiff's remaining claim.

**INTERROGATORY NO. 5:**

State all defense you intend to insert in this case.

- 5 -

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5 on the grounds that it is vague, conclusory, and overbroad in that "this case" is not defined to include Plaintiff's only remaining claim. Defendant further objects to the extent it calls for information protected by the attorney-client and the work-product doctrine. Further, Defendant objects as this contention interrogatory is premature.

Notwithstanding the objection, and without waiving any objection, defendant respectfully refers the plaintiff to the Answer filed by Leslie Dunn, ECF #61.

**INTERROGATORY NO. 6:**

Identify all documents that support your defense.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that such a request is premature as discovery is ongoing and the parties continue to search for responsive documents. Further, the interrogatory seeks documents equally available to the Plaintiff. Finally, Plaintiff has requested the same documents in their request for production No. 1, the Defendant respectfully refers the Plaintiff to the responses to request No. 1.

Notwithstanding, and without waiving the objection, Defendant refers the Plaintiff to non-party Administrative for Children's Services "CONNECTIONS" records. Further, as Plaintiff has requested the same documents in their request for production No. 1, the Defendant respectfully refers the Plaintiff to the responses to request No. 1.

**INTERROGATORY NO. 7:**

Describe any communications (written or oral) related to the events in this case.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that it is vague, conclusory, and overbroad in that "this case" is not defined to include Plaintiff's only remaining claim. Defendant incorporates by reference its general objection #4 as if fully set forth herein. Defendant further objects to the extent it calls for information that is beyond the scope needed for this litigation, because it seeks information that has no relevance to either parties' remaining claims or defenses, and is not proportional to the needs of the case. Moreover, it is not limited in time and scope.

Notwithstanding, and without waiving these objections, Defendant states, to the best of her knowledge, that there are no communications related to Plaintiff's remaining claim exist. However, Defendant respectfully refers the Plaintiff to the CONNECTIONS records referenced in No. 4 for a description of the communications should such record exist.

**INTERROGATORY NO. 8:**

During any time was there any physical contact between you and the Plaintiff in the Manhattan ACS Agency? Yes or No.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to Interrogatory No. 8 on the grounds that it is explicitly not limited in time or scope to the allegation in Plaintiff remaining claims. Moreover, "physical contact" is vague, ambiguous and misleading. Additionally, "any physical contact" exceeds the needs and scope of this litigation as a single punch to the stomach is alleged.

-7-

Notwithstanding the objection, and without waiving any objection, Defendant states that she did not gut punch the Plaintiff as alleged in the Amended Complaint.

**INTERROGATORY NO. 9:**

Did you as the Defendant filed an "Article 10 Neglect case" at the Kings Family Court on December 4, 2020? Yes or No?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 as there is no Defendant in a proceeding pursuant to Article 10 of the Family Court Act. Further, Defendant objects as "filed" is vague and ambiguous as it is capable of multiple meanings. Defendant further objects as Plaintiff has equal if not greater access to the information sought as the Respondent-father in the neglect proceeding.

Notwithstanding, and without waiving any objection Defendant refers the Plaintiff to the neglect proceeding referenced in the interrogatory for a complete and accurate statement of who filed an action in the proceeding.

**INTERROGATORY NO. 10:**

Was there any involvement with the N.Y.P.D. with you the defendant and the Plaintiff? Yes or No?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that it is vague, ambiguous, and overbroad. It is vague and ambiguous in that "involvement" is undefined and capable of multiple meanings. It is overbroad in that it is not limited in time or scope to the event

alleged on December 3, 2020. Further, the interrogatory is not related to a remaining claim or defense in this litigation which pertains solely to an alleged assault without NYPD presence.

**INTERROGATORY NO. 11:**

At any point of interacting with Plaintiff, did you as the defendant use any malicious behavior towards the Plaintiff at any point. For example: Any false claims, interjection of visits or resisting visits with Plaintiff and his child.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11 on the grounds that it is vague, ambiguous, and overbroad. It is vague and ambiguous in that "malicious" is undefined and capable of multiple meanings. Further, the interrogatory is not related to a remaining claim or defense in this litigation which pertains solely to an alleged assault.

**INTERROGATORY NO. 12:**

During any testimony/testimonies were you as the defendant, did you fabricate or give false information while testifying? Yes or No?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that it is not related to any of the remaining claims or defenses in this proceeding alleging an assault to the stomach. Notwithstanding the objection, Defendant directs Plaintiff to the Answer ECF #61 filed in this action.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

All documents relating to the Complaint.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to the request as it is overbroad and disproportionate to the needs of the case. Indeed, it requests all documents related to the Complaint notwithstanding that many of the claims asserted have since been dismissed. Moreover, Defendant objects to the extent the request seeks documents protected by the attorney-client, work-product, deliberative process, or other privilege. Likewise, it seeks documents that may be protected by privacy and confidentiality laws; as such, the documents must be redacted. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Notwithstanding the specific objections or general objections, Defendant will produce relevant, non-privileged documents sufficient to show an interaction with the Plaintiff on December 3, 2020 if such document exist. Such document will be produced by June 19, 2026, if such document exists.

## DOCUMENT REQUEST NO. 2:

All incident reports, internal reports, or investigations.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to the request as it is subsumed by request No. 1 and Defendant interposes its response to No. 1 as if fully set forth herein. Specifically, the request is overbroad and disproportionate to the needs of the case. Indeed, it requests all reports or investigations without limitation in time and scope. As such, the request is disproportionate to the needs of the

litigation. Moreover, Defendant objects to the extent the request seeks documents protected by the attorney-client, work-product, deliberative process, or other privilege. Likewise, it seeks documents that may be protected by privacy and confidentiality laws; as such, the documents must be redacted. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Notwithstanding the specific objections or general objections, Defendant will produce relevant, non-privileged documents sufficient to show internal reports or investigations into Plaintiff's remaining claim—a punch to the stomach—on December 3, 2020 if such reports exist. Such document will be produced by June 19, 2026, if such documents exist.

**DOCUMENT REQUEST NO. 3:**

All photographs or videos depicting the Complaint, scene, or involved parties.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to the request as it is subsumed by request No. 1 and No. 2, and Defendant interposes its response to No. 1 and No. 2 as if fully set forth herein. Specifically, the request is overbroad and disproportionate to the needs of the case. Indeed, it requests all reports or investigations without limitation in time and scope. As such, the request is disproportionate to the needs of the litigation. Likewise, it seeks documents that may be protected by privacy and confidentiality laws; as such, the documents must be redacted. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Notwithstanding and without waiving the objections, Defendant states that no photographs or videos of an alleged punch on December 3, 2020 are in her possession.

- 11 -

## DOCUMENT REQUEST NO. 4:

All witness statements, (written, recorded, or summarized).

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendant objects to the request as it is subsumed by request No. 1 and No. 2, and Defendant interposes its response to No. 1 and No. 2 as if fully set forth herein. Specifically, the request is overbroad and disproportionate to the needs of the case. Indeed, it requests all witness statements without limitation in time and scope. As such, the request is disproportionate to the needs of the litigation. Likewise, it seeks documents that may be protected by privacy and confidentiality laws; as such, the documents must be redacted. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Notwithstanding the specific objections or general objections, Defendant will produce relevant, non-privileged documents sufficient to show a witness statement regarding an alleged punch to the stomach on December 3, 2020 if such document exists. Such document will be produced by June 19, 2026.

## DOCUMENT REQUEST NO. 5:

Any surveillance footage capturing the Incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendant objects to the request as it is subsumed by request No. 3 and Defendant interposes its response to No. 3 as if fully set forth herein. Moreover "incident" is an undefined term which could impermissibly include claims that have already been dismissed. Further, "incident" assumes a fact that has not been established. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Notwithstanding and

without waiving the objections, Defendant states she possesses no surveillance footage in her possession capturing any event on December 3, 2020 involving the Plaintiff.

**DOCUMENT REQUEST NO. 6:**

All communications between Defendant and Plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to the request as it is subsumed by request No. 1, and Defendant interposes its response to No. 1 as if fully set forth herein. Specifically, the request is overbroad and disproportionate to the needs of the case. Indeed, it requests all communications without limitation in time and scope. As such, the request is disproportionate to the needs of the litigation. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Moreover, Defendant objects to "communications" between the Defendant and Plaintiff as Plaintiff has equal or greater access to the information as a participant in the alleged communication. Finally, Defendant objects as it seeks documents that may no longer be in Defendants possession or control. Notwithstanding and without waiving the objections, Defendant directs the Plaintiff to the Connections records in referenced above general objection no. 4 above for communications between the Plaintiff and Defendant if such communications exist.

**DOCUMENT REQUEST NO. 7:**

All communication between Defendant and any third party regarding the Complaint.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Defendant objects to the request as it is subsumed by request No. 1, and Defendant interposes its response to No. 1 as if fully set forth herein. The request is overbroad and disproportionate to the needs of the case. Indeed, it requests all communications with any third party without limitation in time and scope. As such, the request is disproportionate to the needs of the litigation. Additionally, the request seeks documents that may be protected by privacy and confidentiality laws; as such, the documents must be redacted. Finally, Defendant objects to the extent that it seeks documents not in the possession and control of the Defendant. Notwithstanding and without waiving the objections, Defendant directs the Plaintiff to the Connections records in referenced above general objection no. 4 above for relevant communications between the Plaintiff and Defendant if such communications exist.

## DOCUMENT REQUEST NO. 8:

Personnel file(s) of employees involved in the Complaint.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendant objects to the extent that the "Personnel file(s)" includes other persons named in the complaint other than the Defendant. Moreover, Defendant objects that the "Personnel file" is vague, ambiguous, overbroad, and capable of multiple meanings. As the request is not limited in time and scope, it is an overbroad invasion of personal privacy. Moreover, the Defendant Dunn's employment file contains confidential information without basis for the unwarranted invasion privacy. Notwithstanding and without waiving these specific objections, Defendant will produce any disciplinary records connected to Defendant Dunn's service as a Child Protective Specialist, should such records exist by June 19, 2026.

- 14 -

**DOCUMENT REQUEST NO. 9:**

Records of prior complaints related to those employees.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to the extent that the prior complaints includes other persons named in the complaint other than the Defendant. Moreover, Defendant objects to the request because it is not limited in time or scope. As the request is not limited in time and scope, it is an overbroad, unwarranted invasion of personal privacy, and disproportionate to the needs of the litigation. Further, Defendant is not in possession and control of records of complaints connected with her service as a Child Protective Specialist.

**DOCUMENT REQUEST NO. 10:**

All emails, text messages, or electronic communications relating to Plaintiff Complaint

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this request as it is subsumed by Requests Nos. 1, 7, and 8. As such, Defendant interposes its responses to Request for Production No. 1 as if fully set forth herein. Notwithstanding and without waiving the objections, Defendant directs the Plaintiff to the Connections records in referenced above general objection no. 4 above for communications between the Plaintiff and Defendant if such communications exist.

[Signature page to follow]

- 15 -

Dated:    New York, New York
           June 5, 2026

                                   STEVEN BANKS
Corporation Counsel of the
 City of New York
Attorney for Defendant, Leslie Dunn
100 Church Street,
New York, New York 10007
(212) 356-2392
By:     _Alfred Miller jr_
      Alfred Miller, Jr.
      Assistant Corporation Counsel

TO:    Joshua Rodriguez
      Plaintiff, *Pro Se*
      811 Flushing Ave, Apt. 16D
      Brooklyn, NY 11206
      Hypebeast1204@icloud.com

- 16 -

## **VERIFICATION**

STATE OF NEW YORK    )

                        :   SS.:

COUNTY OF NEW YORK    )

      **Alfred Miller, Jr.,** being duly sworn, says that she has been duly designated as Assistant Corporation Counsel of The City of New York, and as such that (s)he is an officer of The City of New York in the within action. That the foregoing is true to his knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters believes it to be true. Deponent further says that the reason why this verification is not made by The City of New York is that it is a corporation; that the grounds of his belief as to all matters not therein stated upon his knowledge are as follows: Information obtained from the books and records of the Law Department and other departments of the city government and from statements made to him by certain officers or agents of The City of New York.

                                                  _Alfred Miller jr_

                                              Alfred Miller, Jr.

# EXHIBIT D

# JOSHUA RODRIGUEZ
## PLAINTIFF *PRO SE*
### 811 FLUSHING AVENUE APT. 16D
### BROOKLYN, N.Y. 11206
### TEL: 646-975-8838

UNITED STATES DISTRICT COURT                    Hon. Ramon E. Reyes Jr.
EASTERN DISTRICT OF NEW YORK                    Hon. Clay H. Kaminsky
225 CADMAN STREET
BROOKLYN, N.Y. 11201                       UNITED STATES DISTRICT JUDGES

DOCKET: 23-CV-08313-RER-CHK
RODRIGUEZ VS DUNN  ET AL.

After examining Defendant(s) responses to Plaintiff's Interrogatories and First Set of Production of Documents, I the Plaintiff see (0) exhibits attached for the Production of Documents also Defendant Leslie Dunn only answered (1) question from the (12) Interrogatories given under the Plaintiff's request. I ask if the Defendant can produce any documents pertaining the Amended Complaint and for some or all questions be answered from the Interrogatories.

Another is that I the Plaintiff requested a signature on the attached Attestation with the Interrogatories for Defendant Leslie Dunn and, also to be notorized by defendant but instead the Attestation was signed by Attorney Alfred Miller Jr. Dated: June. 5, 2026.

*I request a response within 7-10 days.

Respectfully,

Dated: June. 8, 2026

Joshua Rodriguez
811 Flushing Avenue Apt. 16D
Brooklyn, N.Y. 11206
Email: hypebeast1204@icloud.com
Tel: (646)-975-8838
Plaintiff / *Pro Se*

To:

Alfred Miller Jr.
Senior Counsel, General Litigation Division
NYC Law Department
100 Church Street
New York, N.Y. 10007
(212)-356-2392
alfmille@law.nyc.gov

# EXHIBIT E



**From: Alfred Miller** >

To: Joshua Rodriguez >

June 15, 2026 at 5:48 PM

Good afternoon Joshua,

I'm in receipt of your letter. I'm certainly willing to meet and confer regarding the scope of your requests. Please let me know your availability. As noted, however, there are a few documents in Ms. Dunn's possession that I intended to turn over on the 19th as indicated in the response as the documents need to be reviewed.

With respect to the acknowledgement, I will have my client execute an acknowledgement.

Regards,
Alfred Miller, Jr.

See More

